JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 25-1882 PA (KESx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Tinamarie Barrales v. Newell Brands, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Remand ("Motion") filed by plaintiff Tinamarie Barrales ("Plaintiff") (Docket No. 18). The Motion is fully briefed. (Docket Nos. 18, 24 and 27.) In her Motion, Plaintiff argues that the Court should remand the action because the Court lacks equitable jurisdiction over her claims and that she does not have Article III standing to seek injunctive relief. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 5, 2025 at 1:30 p.m., is vacated, and the matter taken off calendar.

## I.     Background

The First Amended Class Action Complaint ("FAC")[1] asserts claims based on Defendant Newell Brands, Inc.'s ("Defendant") alleged false and misleading representations about its Nuk branded baby bottle products ("Products"). The Products are sold nationwide, and are marketed as, among other things, "BPA Free" and "Natural." (Complaint ¶ 1.) Plaintiff alleges that those representations are false and misleading because the Products contain harmful microplastics. (Id. ¶ 2.) The FAC alleges claims for Unjust Enrichment and violations of California's: Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.)("UCL"); False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, et seq.) ("FAL"); and Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq.) ("CLRA"). Plaintiff's prayer for relief does not request monetary damages – rather, it includes a request for restitution and disgorgement of profits, and injunctive relief. (Id. at p. 40.)

Plaintiff originally filed her original complaint in Los Angeles County Superior Court on December 18, 2024 and served Defendant with a copy of the summons and complaint on

---

[1]     Plaintiff filed her First Amended Complaint on April 2, 2025, the same day she filed the Motion to Remand. (Docket Nos. 17, 18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1882 PA (KESx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Tinamarie Barrales v. Newell Brands, Inc. | | |

February 24, 2025.  On March 24, 2025, Defendant filed a Notice of Removal pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(1)(A)(B) and 1453(a).  Prior to filing this action, Plaintiff filed an identical class action complaint in the United States District Court for the Northern District of Georgia, Tinamarie Barrales v. Newell Brands, Inc., Case No. 1:24-cv-03025 (N.D. Ga.).  In response to the Georgia Complaint, Defendant filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6).  Defendant argued that Plaintiff lacked Article III standing to pursue injunctive relief and that Plaintiff's unjust enrichment claim failed because Plaintiff could not establish that she lacked an adequate remedy at law in the form of monetary damages.  (Motion at pp. 1-2).  In response, Plaintiff voluntarily dismissed her case, and re-filed it two days later in Los Angeles County Superior Court.  (Id. at p. 2.)

Plaintiff's Motion argues that because she seeks only equitable relief, this case belongs in state court where she can pursue both her legal and equitable claims for relief.  Although Plaintiff does not challenge the Court's subject matter jurisdiction under CAFA, she contends that remand is appropriate because the Court lacks equitable jurisdiction over her claims for restitution and that she lacks Article III standing to seek injunctive relief.

## II.     Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A notice of removal must contain a "short and plain statement of the grounds for removal."  Id.  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Federal courts have original jurisdiction pursuant to CAFA.  28 U.S.C. § 1332(d).  CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, any class member is a citizen of a state different from any defendant, and the amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d)(2)(5)(B).  For purposes of diversity jurisdiction, a "natural person's state citizenship is...determined by her state of domicile, not her state of residence."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen of the states in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332 (c)(1).  Under CAFA, minimal diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1882 PA (KESx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Tinamarie Barrales v. Newell Brands, Inc. | | |

There is "no antiremoval presumption" in cases invoked under the Class Action Fairness Act of 2005, which should be interpreted "broadly in favor of removal." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014); Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 993 (9th Cir. 2022); Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1184 (9th Cir. 2015). Nevertheless, the burden of establishing removal remains with the removing party. Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1199 (9th Cir. 2015).

A civil action that satisfies the requirements of the CAFA "does not mean that it must be filed in federal court"; it "may also be filed in state courts, which enjoy concurrent jurisdiction over such actions." Ehrman v. Cox Communications, Inc., 932 F.3d 1223, 1226–27 (9th Cir. 2019). A plaintiff, as a master of her own complaint, may choose a state court over a federal court by limiting her claims through a well-pleaded complaint. See Tanoh v. Dow Chem. Co., 561 F.3d at 953, 955 (9th Cir. 2009) (affirming remand where complaint alleged a class of plaintiffs with less than 100 members).

**III.     Analysis**

    **A.     Equitable Jurisdiction**

"In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1313 (9th Cir. 2022); Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 105 (1945) ("Equitable relief in a federal court is of course subject to restrictions ... a plain, adequate, and complete remedy at law must be wanting."). Equitable jurisdiction and subject matter jurisdiction are two distinct inquiries. "Subject matter jurisdiction regards 'whether the claim falls within the limited jurisdiction conferred on the federal courts' by Congress, while equitable jurisdiction regards 'whether consistently with the principles governing equitable relief the court may exercise its remedial powers.'" Guzman, 49 F.4th at 1314 (citing Schlesinger v. Councilman, 420 U.S. 738, 754 (1975)).

Plaintiff argues this Court lacks federal equitable jurisdiction over her claims for restitution and disgorgement because she does not allege that she lacks an adequate remedy at law. (Motion at pp. 6-7.) Plaintiff further contends that state court is the appropriate venue for her equitable claims. (Motion at p. 7). Defendant argues that the Court should deny the Motion and retain jurisdiction over this matter to avoid "a colossal end run around CAFA." Defendant also argues that the Court should not remand this action due to its lack of equitable jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1882 PA (KESx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Tinamarie Barrales v. Newell Brands, Inc. | | |

because there is no "substantive difference" between monetary damages and restitution in this case.

The Court disagrees. In Sonner v. Premier Nutrition Corp., 971 F.3d 834, 841 (9th Cir. 2020), the Ninth Circuit recognized that "even if a state authorizes its courts to provide equitable relief when an adequate legal remedy exists, such relief may be unavailable in federal court because equitable remedies are subject to traditional equitable principles unaffected by state law." According to the Ninth Circuit, "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply under the [Unfair Competition Law (UCL)] and [Consumer Legal Remedies Act (CLRA)] in a diversity action." Id. at 844. As a result, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." Id. Even a plaintiff who has a time-barred legal remedy is still considered to have an adequate remedy at law such that a federal court lacks equitable jurisdiction to consider an equitable claim. See Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1313 (9th Cir. 2022) ("[T]he district court lacked equitable jurisdiction because [plaintiff] had an adequate remedy at law in his time-barred CLRA claim.").

Guzman and Sonner make clear that district courts have equitable jurisdiction to grant equitable remedies such as restitution and disgorgement only where plaintiffs lack an adequate remedy at law. Defendant attempts to distinguish these cases because neither involved a CAFA removal, but it makes no difference whether Plaintiff arrived here by originally filing in federal court or through removal. "In federal courts, as in others, a plaintiff has a right to choose whether he will seek to enforce a legal or an equitable cause of action and whether he will seek legal or equitable relief. He makes his election and proceeds at law or in equity at his peril." Twist v. Prairie Oil & Gas Co., 274 U.S. 684, 689 (1927). Here Plaintiff has chosen her form of requested relief – she seeks the equitable remedies of restitution and disgorgement and there is no dispute that she has not alleged the lack of – nor could she so allege – an adequate remedy at law. Therefore, this Court does not have equitable jurisdiction to adjudicate Plaintiff's claims. And, the Ninth Circuit has held that, while subject matter jurisdiction and equitable jurisdiction are separate inquiries, "both are required for a federal court to hear the merits of an equitable claim." Guzman, 49 F.4th at 1314. Thus, the Court finds it lacks equitable jurisdiction, even where subject matter jurisdiction is present. This Court joins the majority of other district courts in the Ninth Circuit that have reached the same result. See White v. BP Prods. N. Am., Inc., CV 24-01827-SPG (SKx), 2024 WL 5247959, at *4 (C.D. Cal. Dec. 26, 2024) (collecting cases); Mandel v. Marathon Petroleum Company LP, CV 24-09467 MEMF (SSCx), 2025 WL 635333 (C.D. Cal. February 27, 2025) (granting motion to remand on same grounds).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1882 PA (KESx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Tinamarie Barrales v. Newell Brands, Inc. | | |

### B. Article III Standing

The FAC also seeks injunctive relief. Plaintiff asserts that she lacks Article III standing to seek this relief because she has not alleged risk of imminent harm and, as a result, this Court does not have jurisdiction over her claim for injunctive relief. (Motion at pp. 7-8.) Defendant does not dispute the lack of standing, but asserts that Plaintiff's lack of standing to seek injunctive relief is a "red herring." (Opposition at p. 10.)[2/] The Court disagrees.

"The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' or 'controversies.' " Oklevueha Native Am. Church of Haw., Inc. v. Holder, 676 F.3d 829, 835 (9th Cir. 2012) (quoting U.S. Const. art. III, § 2). The standing doctrine is "an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To satisfy Article III's standing requirements, a plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely as opposed to merely speculative, that the injury will be redressed by a favorable decision. See Friends of the Earth, Inc. v. Laidlaw Envt'l Srvs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citation omitted). "For injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.' " Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 ((9th Cir. 2018) (quoting Summers v. Earth Island Inst., 555 U.S. 488 at 493 (2009)). "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.' " Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).

In Davidson, the Ninth Circuit held that the plaintiff had standing to seek injunctive relief under the FAL because she had alleged that she intended to purchase the product again despite the allegedly fraudulent advertising. Id. at 971. The court reasoned, "[in] some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." Id. at 969-70. Following Davidson, district courts in this Circuit have consistently held that a plaintiff lacks standing to assert consumer fraud claims for injunctive

---

[2/]    Indeed, Defendant would be hard-pressed to now argue that Plaintiff has standing to seek injunctive relief having previously filed a Motion to Dismiss the Georgia Complaint on that same ground. Tinamarie Barrales v. Newell Brands, Inc., Case No. 1:24-cv-03025 (N.D. Ga.) (Docket No. 11-1 at p. 17) (arguing that the "Complaint fails to establish standing for injunctive relief.").

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1882 PA (KESx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Tinamarie Barrales v. Newell Brands, Inc. | | |

relief absent a clearly stated intention to purchase a product in the future.  See White, 2024 WL 5247959, at *3(collecting cases).

    Here, Plaintiff has not alleged any intention to make future purchases of the Products.  (See FAC.)  Plaintiff has thus not shown a sufficient likelihood that she would be wronged again in a similar way, and lacks standing to seek injunctive relief.  Accordingly, the Court lacks subject matter jurisdiction over this claim.

Conclusion

    For all of the foregoing reasons, the Court concludes that it lacks equitable jurisdiction over Plaintiff's claims for restitution and that Plaintiff lacks Article III standing to seek injunctive relief.  Accordingly, the Court grants Plaintiff's Motion and remands the case to the Los Angeles County Superior Court case number 24STCV33476.  See Davidson, 889 F.3d at 970 n. 8 (citing Polo v. Innoventions Int'l LLC, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject matter jurisdiction means only that the federal courts have no power to adjudicate the matter.  State courts are not bound by the constraints of Article III."); Mandel, 2025 WL 635333, at *5 (concluding that the court lacked equitable jurisdiction and that "remand is most appropriate for . . .[plaintiff's] . . . claim for restitution under California's UCL.").

    IT IS SO ORDERED.